## Riddle v. Wisconsin Steel Company.

(Decided September 30, 1915.)

### Appeal from Harlan Circuit Court.

Master and Servant—Cause of Injury.—The evidence examined in this action by a servant to recover damages for injuries sustained while engaged in letting a mine car down an entry in a coal mine, and the cause of the injury found to be the servant's own want of care.

ACREE & STEWART and ROSE & HUFF for appellant.

SAMPSON & SAMPSON for appellee.

OPINION OF THE COURT BY JUDGE HANNAH.—Affirming.

The appellant, Boyd Riddle, sued the appellee, Wisconsin Steel Company, in the Harlan Circuit Court, to recover damages for injuries sustained by him in appellee's coal mine in Harlan County, on June 25, 1913. At the close of the plaintiff's evidence, the court directed the jury to return a verdict for the defendant, and plaintiff appeals.

It appears from the evidence that the coal company was opening up a new entry in its seam "D," which had been driven in to the hill about fifty yards. The working place at the face of the coal was lower than the drift mouth, the grade being about seven per cent. The mine cars were let down this grade from the drift mouth to the face of the coal by force of gravity, the movement of the car being controlled by the men so engaged. This was done by the men walking behind the car and "holding back" on it, and also by the use of sprags or sticks of wood which were inserted between the spokes of the car wheels, causing them to drag or slide instead of turning.

Appellant was directed by the mine foreman to take an empty mine car from the drift mouth down this new

entry to the face of the coal and to take another man with him to assist him in so doing. Appellant called to his assistance another workman, an Italian, to go with him, and the two of them proceeded to let the mine car down the entry.

He testified that he and the Italian let the car down the entry, walking behind it and holding it with their hands; that when they arrived at a point about eight feet from the face of the coal, the mine foreman called from the drift mouth and ordered the Italian to return thereto; that the Italian immediately let go of the car and left him; that just as the Italian was leaving, he (appellant) inserted sprags in the wheels on his side of the car, the right hand side, and thereby brought the car to a stop at a point about three feet from the face of the coal. He then put a block or "scotch" under the front wheel on the right hand side, but fearing that the car would roll over this on account of the grade, he went in front of the car for the purpose of placing a block under the wheels on the left hand side of the car; and while he was in front of the car, it from some cause—he does not know what—started up and caught him against the face of the coal and broke his leg. He further said that the place where he brought the car to a stop was the place where it was "due to stop," that is, it was in proper position for loading three feet from the face of the coal.

It is claimed by appellant that the mine foreman was negligent in ordering the Italian to return to the drift mouth, and that this withdrawal of the assistance theretofore furnished him, was the cause of his injury. But appellant admitted that he brought the car to a stop after the Italian left, and that he was injured while going in front of the car for the purpose of inserting a block under the wheel on the other side and making it more secure.

In other words, he undertook to exercise his own judgment as to the safety of going in front of the car instead of behind it, and now complains that if the Italian had been there holding the car, he would not have been injured as the consequence of his own error of judgment. It was not the withdrawal of the assistance that caused appellant's injury; it was his own act in going in front of the car. This is not, as appellant insists, a case of service performed in the manner required by direct command of the master. It is true, appellant was ordered to take the car down the entry to the face of the coal, but the method in

which he should perform that task was left to his own judgment and the work was performed in the absence of the foreman by whose command it was done.

Appellant's injuries undoubtedly were the direct result of his own want of care; and the trial court properly directed a verdict for the defendant.

2. Appellant complains of the action of the trial court in refusing to permit an amended petition to be filed to conform to the evidence; but as he had failed to prove a cause of action, the amended petition would not have prevented a directed verdict.

Judgment affirmed.